*ALLAIN* vs. *WHITAKER, & AL.*

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This action was brought against the

The declaration of a notary that he gave notice of the protest of a note, must be recorded under his sig-

nature & that
of 2 witnesses
Whether it
ought not to
state in what
post-office the
notice was
put?

drawers and endorser of a promissory note. The drawers suffered judgment by default to be taken against them, and permitted the same to be made final. The indorser pleaded to the action, and judgment being rendered against him, he appealed.

The answer averred, that service of the petition and citation had not been made in the French language, on the defendant, though it was his mother tongue. That no notice of protest had been given him—nor had payment been demanded of the maker. That after the maturity of the note, time had been given to him without the consent of the defendant.

The first question presented on the record, arises on a bill of exceptions. The defendant objected to the note being read in evidence, because the endorsement was in blank. The judge overruled this objection, and in our opinion correctly. It has been repeatedly decided in this court, that an indorsement in blank, passes the interest of the indorser in a commercial note, and that the holder may maintain an action on it as indorsee.

The exception to the service of the petition is contradicted by the sheriff's return, which expressly states that copies of the petition and

citation were left with the defendant in the French language.

EasternDis'ct
*April*, 1827.

ALLAIN
*vs.*
WHITAKER &
AL.

The uniform practice in this state has been to receive the protests of notaries as evidence of demand on the maker of a note or acceptor of a bill of exchange. The distinction on this head between inland and foreign bills, which is known to the English law, has never been in our experience adopted by us. The legislature, by directing the notaries to record all protests made by them, seem to have acted on, and sanctioned the usage which already existed, to admit them in evidence. No good reason exists, why we should give more faith to a foreign notary, than to one of our own officers. That of convenience is not sufficient to establish the distinction, for there would be nearly as much inconvenience produced by refusing the one as the other. We therefore think, the protest offered in this case, was good evidence to prove that demand had been made on the drawer.

The notice certified by the notary, under the act of 1821, we rather think does not comply with the provisions of that statute. It is in these words: First endorser notified by written notification, by mail, at St Francisville, 5th July,

1824, by Joseph Trinchard. The statute requires, that the names of the drawers and indorsers, together with the manner in which the notices were served or forwarded to them, shall be furnished by the notary. That given here does not state in what post-office the notice was put, and we cannot supply, by presumption, any thing wanting in evidence of this kind, which the indorser had not an opportunity of cross-examining.

But admitting this objection, on which we express no positive opinion, could be got over, there is a still more fatal one, to the introduction of the certificate. The statute requires that the declaration of the notary shall be recorded under his signature, and that of two witnesses. In the present case, the declaration was recorded without any. There were two witnesses to the protest. But none appears to the record, which the law requires the notary to make of the manner he gave the notices of that protest, and without them the declaration is clearly not evidence. *Act of* 1821, *p.* 44.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court

EasternDis'ct
*April*, 1827.

be annulled, avoided and reversed; and that there be judgment against the plaintiff, as in case of nonsuit, with costs in both courts.

*Eustis*, for appellee, *Ripley & Conrad*, for appellant.